**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JOHN COXWELL,** individually and on behalf of similarly situated persons, <br><br> Plaintiff, <br><br> **v.** <br><br> **NU-OLD RESTAURANT GROUP, INC., A DELAWARE CORPORATION; UNCLE JACKS MEAT COMPANY OF PEACHTREE CORNERS, LLC; AND UNCLE JACKS TAVERN OF LAWRENCEVILLE, LLC,  d/b/a UNCLE JACK'S STEAKHOUSE, UNCLE JACK'S MEAT HOUSE, UNCLE JACK'S ON CANTON STREET AND JACK'S TAVERN; AND WILLIAM JACK DEGEL, individually,** <br><br> Defendants. | **Case No. _____** <br><br> **Collective Action Complaint** <br><br> **Jury Demanded** |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT**

Plaintiff JOHN COXWELL ("Plaintiff"), individually and on behalf of all other similarly situated servers, brings this Complaint against Defendants, NU-OLD RESTAURANT GROUP, INC., A DELAWARE CORPORATION; UNCLE JACKS MEAT COMPANY OF PEACHTREE CORNERS LLC.; AND UNCLE JACKS TAVERN OF LAWRENCEVILLE LLC, collectively doing business as UNCLE JACK'S STEAKHOUSE, UNCLE JACK'S MEAT HOUSE, UNCLE JACK'S

1

ON CANTON STREET, AND JACK'S TAVERN (hereinafter "Uncle Jacks") and its owner, WILLIAM JACK DEGEL, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* as a result of operating an illegal tip pool and illegally utilizing servers' tips in contravention of federal law, resulting in unpaid minimum wages.

## I.      Nature of Case

1.      Defendant, Uncle Jack's, owns and operates multiple restaurants and bars in the State of Georgia named Uncle Jack's on Canton Street, Uncle Jack's Meat House, and Uncle Jack's Tavern and one location in the State of New York named Uncle Jack's Steakhouse.

2.      Each above-mentioned restaurant's website adheres to a consistent format, highlighting the presence of William Degel as the owner, showcasing the individual restaurant brands he owns, and mentioning the overarching entity NU-OLD RESTAURANT GROUP, INC., a Delaware Corporation Based on information and belief, each individual restaurant brand functions cohesively as one overall enterprise.         *See*               https://www.williedegel.com/restaurants, https://www.unclejacks.com/restaurants,       https://www.unclejacks.com/, https://www.unclejacksoncantonstreet.com/, https://www.unclejacksmeathouse.com/,                                        and

https://www.unclejackstavern.com/.

3.    At its restaurants, Uncle Jack's offers food, drink, and entertainment to the public and employs servers to carry out these offerings.

4.    Uncle Jack's paid its servers a sub-minimum wage for their work performed.

5.    Uncle Jack's servers also share tips distributed from a mandatory tip pool.

6.    Pursuant to the FLSA, all tips are the sole property of the employee regardless of whether the employer takes a tip credit. The law also prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer or the employer's managers. For example, even where a tipped employee receives at least minimum wage, the employee may not be required to turn over his or her tips to the employer or the employer's managers. *See Howard v. Second Chance Jai Alai LLC*, 2016 WL 3349022, at *8 (M.D. Fla. June 16, 2016) ("The forced sharing of tips with management is an illegal practice that would invalidate the tip pool, regardless of whether the members of management are engaged in services that could be the subject of tipping").

7.     Defendants, here, violated the FLSA by, among other reasons, illegally retaining tips that should have been distributed to Plaintiff and similarly situated servers (hereinafter "collective members").

## II.     Parties

8.     At all times relevant to this action, Defendant, NU-OLD RESTAURANT GROUP, INC., is a Delaware corporation which operates Uncle Jack's restaurants in the greater Atlanta area.

9.     At all times relevant to this action, Defendant, UNCLE JACKS MEAT COMPANY OF PEACHTREE CORNERS, LLC, is a Delaware Limited Liability Company which operates Uncle Jack's restaurants in the greater Atlanta area.

10.     At all times relevant to this action, Defendant, UNCLE JACKS TAVERN OF LAWRENCEVILLE, LLC, is a Delaware Limited Liability Company which operates Uncle Jack's restaurants in the greater Atlanta area.

11.     Defendant, William Jack Degel, collectively owns and operates Uncle Jack's restaurants in Georgia and New York. Based on information and belief, Mr. Degel routinely travels to Georgia to conduct business related to his Uncle Jack's restaurants.

12.     Plaintiff worked for Defendants in Gwinnett County, Georgia at Uncle Jack's Meat House located at 6590 Sugarloaf Pkwy, NW, Suite 201, Duluth, Georgia,

4

30097.

13.     Plaintiff worked as a server for Defendants from approximately June 2022 to November 2022.

### III.    Jurisdiction & Venue

14.     The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

15.     Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

16.     All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

### IV.    General Factual Allegations

17.     Defendant, Uncle Jack's, is in the restaurant business and offers food, drink, and entertainment to the public.

18.     At all material times, Uncle Jack's is/was an enterprise subject to the FLSA's provision on minimum and overtime wages.

19.    At all material times, Uncle Jack's is/was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

a)  Engaged in commerce; or

b)  Engaged in the production of goods for commerce; or

c)  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. food, drinks, alcoholic beverages, cups, plates, restaurant equipment, office supplies and other items used to run the business).

20.    At all material times, Uncle Jack's has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation productions from out of state vendors.

21.    At all material times, Uncle Jack's has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

22.    As a server, Plaintiff was responsible for serving food and beverages, explaining the menu, and taking orders from guests, and adhering to company standards for food and beverages.

6

23.    Plaintiff individually engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as he was required to accept payment from customers using credit cards issued by out of state financial institutions on a daily basis and worked in a restaurant which served customers who traveled from out of state destinations.

24.    At all material times, Plaintiff and the collective members are/were considered "employees" of Defendants.

25.    At all times relevant to this action, William Jack Degel was an individual who owns and operates Uncle Jack's restaurants within the State of Georgia, and who regularly exercised the authority to: (a) hire and fire employees of Uncle Jack's; (b) determine the work schedules for the employees of Uncle Jack's, and (c) control the finances and operations of Uncle Jack's.

26.    Based upon information and belief, Uncle Jack's, and William Jack Degel developed and implemented the compensation and tip pool policies at issue in this lawsuit.

27.    By virtue of having regularly exercised that authority on behalf of Uncle Jack's, and William Jack Degel are/were an employer as defined by 29 U.S.C. § 201, et seq.

28.    Plaintiff and the collective members were allegedly paid pursuant to a "tip credit" method (i.e., were paid the minimum wage, minus a tip credit taken by Defendants).

29.    Plaintiff and the collective members received tips and were required to contribute a portion of their tips to a mandatory tip pool.

30.    Defendants operated an illegal tip pool in that Defendants withheld a portion of the tips from the tip pool for alleged business-related expenses from Plaintiff's and collective members' tips, but for which Defendants had already recouped such business expenses from paying customers, in violation of the FLSA.

31.    Specifically, Defendants deducted 2.9% from servers' tips for credit card service fees the restaurants incurred.

32.    However, Defendants also charged extra to customers for such credit card fees.

33.    Defendants' menus informed customers of this practice, often stating, "The menu reflects a cash discounted price.  If you [the customer] would like to opt for the convenience of using a debit/credit card, a 3.5% credit card fee will be applied." *See* Exhibit A.

8

34.     If a customer decided to use a debit or credit card, that additional charge for the credit card fees would appear as a "Non-Cash Adjustment" on the customer's receipt. *See* Exhibit B.

35.     Even though Defendants received monies from customers to pay such debit/credit card fees, Defendants still deducted almost 3% from class members' tips and kept such tips.

36.     As a result of these improper common policies and practices, Defendants illegally took a tip credit under federal law in regard to its servers.

37.     Additionally, because tips are the sole property of the employee, Defendants must repay the illegally withheld tips for business-related expenses to Plaintiff and the collective members.

38.     Defendants did not act in good faith or reliance upon any of the following in formulating their above pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

39.     In light of the foregoing, Plaintiff and the collective members are entitled to liquidated damages in addition to their unpaid minimum wages, and reimbursement of illegally withheld tips.

40.     Plaintiff and the collective members have incurred and are continuing to incur reasonable attorneys' fees and costs and are entitled to reimbursement for same.

## V.     Collective Action Allegations

41.     Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated servers pursuant to 29 U.S.C. § 216(b).

42.     The collective is defined as follows: "All servers who worked for Defendants at any time during the three-year period preceding the filing of this Complaint to the present."

43.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

44.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' illegal practice of deducting business-related expenses from servers' tips invalidating the tip pool and causing unpaid minimum ages and tips.

45.     The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential collective members may be notified of the pendency of this action via mail and electronic means.

46.     Plaintiff and all of Defendants' servers are similarly situated in that:

a)  They have worked as servers for Defendants;

b)  They were all compensated in the same manner, i.e., by Defendants utilizing a tip credit and paying servers by the hour; and

c)  They were all required to contribute to Defendants' mandatory tip pool in which tips were illegally deductions for business-related expenses occurred, invalidating the tip pool.

### Count I – Violation of the Fair Labor Standards Act of 1938

47.    Plaintiff, on behalf of himself and all those similarly situated, hereby incorporate by reference the allegations contained in Paragraphs 1-47 above.

48.    Defendants have and still deduct 2.9% of Plaintiffs' and the collective members' tips, in order to cover the credit card service fees incurred by the restaurants.

49.    The act of deducting a portion of Plaintiffs and the collective members tips for credit card service fees constitutes as a business-related expense.

50.    However, Defendants menu explicitly states that "The menu reflects a cash discounted price. If [customers] would like to opt for the convenience of using a debit/credit card, a 3.5% credit card fee will be applied." (*See* Exhibit "A").

51.    Customers opting for this convenience will find a "Non-Cash Adjustment" line item on their receipt, up-charging them based on the total

11

amount. (*See* Exhibit "B").

52.   Defendants not only deducted 2.9% from servers' tips, but also advertised and imposed a 3.5% credit card fee on customers.

53.   Essentially, Defendants are/were double-dipping by receiving funds from both servers and customers to cover restaurants credit card service fees.

54.   Because Defendants' practice results in Plaintiff and collective members' being forced to illegally share tips with Defendants, Defendants cannot utilize a tip credit method of payment and the tip credit which Defendants took is destroyed.

55.   Plaintiff and the collective members are/were entitled to be paid full minimum wages for each hour during their employment with Defendants.

56.   Plaintiff and the collective members are/were entitled to all tips earned by them during their employment with Defendants.

57.   Plaintiff and the collective members are/were entitled to all business-related expenses deducted from their tips during their employment with Defendants.

58.   Plaintiff and the collective members did not receive all tips earned by them during one or more workweeks during their employment with Defendants.

59.   Plaintiff and the collective members did not receive the full minimum

wage contrary to the FLSA as a result of Defendants' improper practice and policy of deducting business-related expenses from Plaintiff's and the collective members' tips.

60.    As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the collective members have not received the full amount of tips earned by them during one or more weeks during their employment with Defendants.

61.    As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the collective members have not been properly compensated the statutory minimum wage for all hours worked per week during their employment with Defendants.

62.    Defendants carried out its illegal pattern and practice of failing to pay full minimum wages knowingly, willfully, or with reckless disregard.

63.    Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

64.    Defendants willfully failed to pay Plaintiff and the collective members the statutory minimum wage during the subject period of work contrary to the FLSA.

65.     As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff and the collective members have been damaged in the loss of tips for the subject weeks that they worked for the Defendants.

66.     As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff and the collective members have been damaged in the loss of minimum wages for the subject weeks that they worked for the Defendants.

67.     As a result of Defendants' willful violation of the FLSA, Plaintiff and the collective members are entitled to liquidated damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, JOHN COXWELL, on behalf of himself and those similarly situated, demands judgment against Defendant for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

WHEREFORE, Plaintiff demands an Order awarding:

(a) payment to Plaintiff and all collective members of the tips improperly retained by Defendants;

(b) payment to Plaintiff and the collective members of the full minimum wages for all hours worked at the correct rate pursuant to the FLSA;

(c) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law; and

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 11th day of June, 2024.

> **/s/ C. RYAN MORGAN**
> C. Ryan Morgan, Esq.
> Georgia Bar No. 711884
> Morgan & Morgan, P.A.
> 20 N. Orange Ave, 15th Floor
> Orlando, FL 32801
> T: (407) 420-1414
> F: (407) 245-3401
> E: RMorgan@forthepeople.com
> *Attorneys for Plaintiff*