IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN COXWELL, individually and on )
behalf of similarly situated persons, )
                                     )
        Plaintiff, )
                                       )       CIVIL ACTION
v. )
                                       )       FILE No. 1:24-cv-02549-JPB
NU-OLD RESTAURANT GROUP, INC., )
a Delaware Corporation; UNCLE JACKS )
MEAT COMPANYOF PEACHTREE )
CORNERS, LLC, AND UNCLE JACKS )
TAVERN OF LAWRENCEVILLE, LLC, )
d/b/a UNCLE JACK'S STEAKHOUSE, )
UNCLE JACK'S MEAT HOUSE, UNCLE )
JACK'S ON CANTON STREET AND )
JACK'S TAVERN; AND WILLIAM JACK )
DEGEL, Individually, )
                                       )
        Defendants. )

**ANSWER OF DEFENDANTS**

COME NOW Nu-Old Restaurant Group, Inc., Uncle Jack's Meat Company

of Peachtree Corners, LLC, Uncle Jack's Tavern of Lawrenceville, LLC d/b/a Uncle

Jack's Steakhouse, Uncle Jack's Meat House, Uncle Jack's on Canton Street and

Jack's Tavern; and William Jack Degel, ("Defendants"), and files this their Answer

to the Complaint filed by Plaintiff John Coxwell ("Plaintiff"), showing this Court

the following:

## FIRST DEFENSE

One or more of the Defendants, including Nu-Old Restaurant Group, Inc., ("Nu-Old"), Uncle Jack's Tavern of Lawrenceville, LLC d/b/a Uncle Jack's Steakhouse ("UJ Lawrenceville"), Uncle Jack's Meat House ("Meat House"), Uncle Jack's on Canton Street and Jack's Tavern ("UJ Canton Street"), and William Jack Degel ("Degel" and collectively with Nu-Old, UJ Lawrenceville, Meat House, UJ Canton Street, the "Non-Employer Defendants"), was not an employer of Plaintiff under the FLSA.

## SECOND DEFENSE

One or more of the Defendants is not a legal entity subject to suit, including Uncle Jack's Meat House.

## THIRD DEFENSE

One or more of the Defendants was not properly served with process.

## FOURTH DEFENSE

Defendants plead the affirmative defense of failure to name a necessary and indispensable party to this action.

## FIFTH DEFENSE

Plaintiff and any purported members of any alleged similarly situated class were compensated in compliance with the Fair Labor Standards Act (the "FLSA").

## SIXTH DEFENSE

Where tips were charged on a credit card and one or more of the Defendants was required to pay the credit card company a percentage on each sale, under the FLSA, that Defendant was permitted to pay the employee the tip, less that percentage it cost for that Defendant to collect the tip by credit card.

## SEVENTH DEFENSE

In the aggregate, the amounts one or more of the Defendants collected from its servers, over a definable time period, reasonably reimbursed that Defendant for no more than its total expenditures associated with the credit card tip collections in compliance with the FLSA.

## EIGHTH DEFENSE

Any Defendant's compensating of Plaintiff and any purported members of any alleged similarly situated class was done in objective good faith and based upon reasonable grounds for believing that such actions were in compliance with the FLSA.

## NINTH DEFENSE

No Defendant knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

**TENTH DEFENSE**

No Defendant interfered with, restrained, or denied any FLSA rights of Plaintiff or any purported member of any alleged similarly situated class.

**ELEVENTH DEFENSE**

Some claims of some purported members of any alleged similarly situated class may be barred by the two-year statute of limitations applicable to FLSA claims.

**TWELFTH DEFENSE**

To the extent Plaintiff or any purported member of any alleged similarly situated class seek to extrapolate liability, causation, or damages on a class wide basis without requiring each putative class member to prove liability, causation, and damages to establish each individual's claims, those claims are barred, in whole or in part, by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

**THRITEENTH DEFENSE**

Plaintiff and any purported member of any alleged similarly situated class are not similarly situated for purposes of 29 U.S.C. § 216 (b).

**FOURTEENTH DEFENSE**

Plaintiff's claims and the claims of any purported member of any alleged similarly situated class are barred by laches.

## FIFTEENTH DEFENSE

Plaintiff's claims and the claims of any purported member of any alleged similarly situated class are barred by payment.

## SIXTEENTH DEFENSE

Plaintiff's claims and the claims of any purported members of any alleged similarly situated class are barred by estoppel.

## SEVENTEENTH DEFENSE

Defendants reserve the right to add additional defenses or counterclaims which may become known during discovery or trial.

Defendants deny any of Plaintiff's allegations not hereinafter specifically admitted.

In response to each of the numbered paragraphs of the Complaint, Defendants respond as follows:

### Responding to NATURE OF CASE

1.

Defendants deny that the characterization of "Uncle Jack's" in the introductory paragraph of Plaintiff's Complaint is accurate. Defendants deny the remaining allegations contained in paragraph 1.

2.

Denied.

3.

Defendants admit that at the time this Complaint was filed, Defendants Uncle Jack's Meat Company of Peachtree Corners ("UJ PC"), UJ Lawrenceville and UJ Canton Street (UJ PC, UJ Lawrenceville and UJ Canton Street are collectively, the "Restaurant Defendants") offered food and drink to the public, and employed servers to carry out these offerings.  Defendants deny the remaining allegations contained in paragraph 3.

4.

Defendants admit that the Restaurant Defendants compensated their server employees in compliance with the FLSA.  Defendants deny the allegations of paragraph 4 as to the remaining Defendants.

5.

Defendants deny that the way that the Restaurant Defendants compensated their server employees violated the FLSA.  Defendants deny the allegations of paragraph 5 as to the remaining Defendants.

6.

Defendants affirmatively state that the language in paragraph 6 purports to state legal conclusions to which Defendants are not required to respond.  By way of further response, Defendants deny that the compensation practices of the Restaurant Defendants violated the FLSA.  Defendants deny the allegations of paragraph 6 as to the remaining Defendants.

7.

Defendants deny that the compensation practices of the Restaurant Defendants violated the FLSA. Defendants further deny that the remaining Defendants violated to FLSA in any way.

**Responding to II. PARTIES**

8.

Defendants admit that Nu-Old is a Delaware corporation and that it is affiliated with the Restaurant Defendants.  Defendants deny the remaining allegations contained in paragraph 8.

9.

Defendants admit that UJ PC is a Delaware LLC that operates a restaurant in Peachtree Corners, Georgia.  Defendants deny the remaining allegations contained in paragraph 9.

10.

Defendants admit that at the time this Complaint was filed, UJ Lawrenceville was a Delaware LLC that operated a restaurant in Lawrenceville, Georgia. Defendants deny the remaining allegations contained in paragraph 10.

11.

Defendants admit that Defendant Degel is affiliated with the Restaurant Defendants. Defendants deny the remaining allegations contained in paragraph 11.

12.

Defendants admit that Plaintiff worked at a restaurant located at 6590 Sugarloaf Pkwy, NW, Suite 201, Duluth, Georgia.  Defendants deny that Plaintiff's employer at the stated address is a named Defendant in this action.  Defendants deny the remaining allegations contained in paragraph 12.

13.

Defendants admit that Plaintiff worked as a server for UJ JC on several occasions during the stated time period.  Defendants deny that Plaintiff worked for any other Defendant during the stated time period.

**Responding to III. JURISDICTION & VENUE**

14.

Defendants states that the language in paragraph 14 states legal conclusions to which Defendants are not required to admit or deny.

15.

Defendants admit that Plaintiff alleges that Defendants violated the FLSA in the Northern District of Georgia. Defendants deny that any one of them violated the FLSA.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 such that those allegations are denied.

**Responding to IV. GENERAL FACTUAL ALLEGATIONS**

17.

Defendants admit that the Restaurant Defendants are in the restaurant business and offer food and drink to the public. Defendants admit that Nu-Old and Degel are affiliated with the Restaurant Defendants. Defendants deny all remaining allegations contained in paragraph 17.

18.

Defendants admit that the Restaurant Defendants and Nu-Old are subject to the FLSA's provision on minimum and overtime wages. Defendants deny the remaining allegations contained in paragraph 18.

19.

Defendants admit the allegations in paragraph 19 as to Nu-Old and the Restaurant Defendants. Defendants deny the allegations in paragraph 19 as to all remaining Defendants.

20.

Defendants admit the allegations in paragraph 20 as to Nu-Old and the Restaurant Defendants. Defendants deny the allegations in paragraph 20 as to all remaining Defendants.

21.

Defendants admit the allegations in paragraph 21 as to Nu-Old and the Restaurant Defendants. Defendants deny the allegations in paragraph 21 as to all remaining Defendants.

22.

Defendants admit that Plaintiff was responsible for serving food and beverages, explaining the menu, and taking orders from guests, and adhering to

company standards for food and beverages as to Defendant UJ PC.  Defendants deny the allegations contained in paragraph 22 as to the remaining Defendants.

23.

Defendants admit the allegations contained in paragraph 23 as to Defendant UJ PC. Defendants deny the allegations contained in paragraph 23 as to all remaining Defendants.

24.

Defendants admit that Plaintiff was considered an "employee" of Defendant UJ PC.  Defendants deny that Plaintiff was considered an "employee" of any other named Defendant, and Defendants further deny that any "collective class members" should include any employees of any other Defendant besides UJ PC.

25.

Denied as stated.

26.

Denied as stated.

27.

Denied.

28.

Defendants admit that Plaintiff was paid by Defendant UJ JC the minimum wage, plus tips, minus a tip credit, and admit those same allegations as to any alleged collective members who were employed by Defendant UJ PC. Defendants deny the allegations contained in paragraph 28 as to all remaining Defendants.

29.

Defendants admit the allegations contained in paragraph 29 as to Defendant UJ PC. Defendants deny that Plaintiff was employed by any other named Defendant.

30.

Denied.

31.

Defendants admit that Defendant UJ PC deducted 2.9% from Plaintiff's tips for credit card service fees the restaurants incurred in collecting those tips. Defendants deny that any other Defendant collected tips from Plaintiff such that Defendants deny the allegations contained in paragraph 31 as to all remaining Defendants.

32.

Defendants admit that Defendant UJ PC deducted credit card fees from customers on those customers' food and beverage orders, without the tip. Defendants

deny that any other Defendant processed credit card transactions for food and beverage orders taken by Plaintiff, such that Defendants deny the allegations contained in paragraph 32 as to the remaining Defendants.

33.

Defendants admit that the menu for Defendant UJ PC informed its customers of its practice of charging a credit card fee to those customers who elected to pay by debit or credit card. Defendants deny that any other Defendant processed credit card transactions for food and beverage orders taken by Plaintiff such that Defendants deny the allegations contained in paragraph 33 as to the remaining Defendants.

34.

Defendants admit that if a customer of Defendant UJ PC elected to use a debit or credit card to pay his or her bill, an additional charge for the credit card fees appeared as a "non-cash adjustment" on the customer's receipt. By way of further response, that non-cash adjustment was based on the total of the food and beverage order of the customer, and was not based on the tip amount paid to the server. Defendants deny that any other Defendant processed credit card transactions for food and beverage orders taken by Plaintiff such that Defendants deny the allegations contained in paragraph 34 as to the remaining Defendants.

35.

Defendants admit that Defendant UJ PC collected a credit card fee from its customers based on the customer's food and beverage order total. Defendants admit that Defendant UJ PC deduced 2.9% from Plaintiff's tips on the tip amount paid by a customer by credit card. Defendants deny the remaining allegations contained in paragraph 35 as to Defendant UJ PC. Defendants deny that any other Defendant processed credit card transactions for food and beverage orders taken by Plaintiff such that Defendants deny the allegations contained in paragraph 35 as to the remaining Defendants.

36.

Denied.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

**Responding to V. COLLECTIVE ACTION ALLEGATIONS**

41.

Defendants admit that Plaintiff purports to bring an FLSA collective action as stated.

42.

Defendants deny that the facts alleged warrant defining the collective as suggested by Plaintiff, particularly since Plaintiff was only sporadically employed by Defendant UJ PC, and was not otherwise employed by any of the remaining Defendants.

43.

Defendants state that paragraph 43 states a legal conclusion to which Defendants are not required to respond.

44.

Defendants admit that Plaintiff seeks relief on a collective basis. Defendants deny that any Defendant has engaged in an illegal practice.

45.

Because Plaintiff was not employed by any Defendant other than UJ PC, Defendants deny that the alleged class may be ascertained by Defendants' records. Defendants deny the remaining allegations contained in paragraph 45.

46.

Denied.

**Responding to Count I –**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**

47.

Defendants incorporate by reference its responses to the preceding paragraphs of this Answer as if fully rewritten here.

48.

Defendants admit that Defendant UJ PC deducts 2.9% from its servers' tips for credit card fees incurred by the restaurant in collecting those tips on behalf of its servers. Defendants deny that any other Defendant processed credit card transactions for food and beverage orders taken by Plaintiff. Defendants deny the remaining allegations contained in paragraph 48.

49.

Admitted.

50.

Defendants admit that the menu for Defendant UJ PC discloses to customers that there is a charge for the payment of the customer's bill via debit or credit card. Defendants deny that any other Defendant processed credit card transactions for

food and beverage orders taken by Plaintiff. Defendants deny the remaining allegations contained in paragraph 50.

51.

Defendants admit that customers of Defendant UJ PC who pay their food and beverage order via debit or credit card see a "non-cash adjustment" based on their food and beverage order total.  Defendants deny that any other Defendant processed credit card transactions for food and beverage orders taken by Plaintiff. Defendants deny the remaining allegations contained in paragraph 51.

52.

Defendants admits that Defendant UJ PC collected 2.9% from the server for tips that were paid by the customer with debit or credit card. Defendants deny that Defendant UJ PC imposed a credit card fee on customers associated with the tip portion of their bill. Defendants deny that any other Defendant processed credit card transactions for food and beverage orders taken by Plaintiff. Defendants deny the remaining allegations contained in paragraph 52.

53.

Denied.

54.

Denied.

55.

Denied.

56.

Defendants deny that Defendant UJ PC violated the FLSA by collecting 2.9% fee from Plaintiff for tips that were paid by the customer with debit or credit card and by imposing an approximately 3% fee on customers associated with the non-tip portion of their bill. Defendants deny that any other Defendant processed credit card transactions for food and beverage orders taken by Plaintiff. Defendants deny the allegations contained in paragraph 56.

57.

Denied.

58.

Denied.

59.

Denied.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendants pray that the Complaint be dismissed, with prejudice, and for such other and further relief as this Court may deem just and proper.

This 23rd day of September 2024.

Case 1:24-cv-02549-JPB   Document 14   Filed 09/23/24   Page 20 of 22

Respectfully submitted,

ANDERSEN, TATE & CARR, P.C.

/s/ Elizabeth Clack-Freeman
James C. Joedecke, Jr.
Ga. Bar No. 391885
jjoedecke@atclawfirm.com
Elizabeth Clack-Freeman
Ga. Bar No. 126888
lcfreeman@atclawfirm.com
Counsel for Defendants

One Sugarloaf Centre, Suite 4000
1960 Satellite Boulevard
Duluth, Georgia  30097
(770) 822-0900
(770) 822-9680 (fax)

## <u>LR 7.1 D CERTIFICATION</u>

This is to certify that the within and foregoing has been prepared with one of

the font and point selections approved by the Court in LR 5.1C:  Times New Roman

14 point.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date presented the Defendants' Answer to Complaint to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notice to the counsel of record listed below:

C. Ryan Morgan, Esq.
Morgan & Morgan, PA
20 N. Orange Ave., 15th Floor
Orlando, FL 32801
rmorgan@forthepeople.com

This 23rd day of September 2024.

Respectfully submitted,

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Elizabeth Clack-Freeman*
James C. Joedecke, Jr.
Georgia Bar No. 391885
jjoedecke@atclawfirm.com
Elizabeth Clack-Freeman
State Bar No. 126888
lcfreeman@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia  30097
770.822.0900
770.822.9680 fax

4887-0774-1654, v. 1